IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**BRETT ALEXANDER JONES**                                                       **PETITIONER**

**v.**                                                 **No. 1:22CV62-MPM-JMV**

**BURL CAIN**                                                                   **RESPONDENT**

**ORDER DENYING PETITIONER'S MOTION [19]
TO AMEND PETITION**

This matter comes before the court on the motion [19] by Brett Alexander Jones to amend his petition for a writ of *habeas corpus*. Because he is asking to supplement his petition with additional arguments, the court must view Jones' motion as a request to amend his petition under Fed. R. Civ. P. 15(a)(2). His deadline to amend as a matter of course has expired under Rule 15(a)(1); he filed his motion to supplement some four months after he filed his petition on April 18, 2022 – and more than six weeks after the State filed its motion to dismiss on June 29, 2022. Docs. 1, 5, 19.

Rule 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave." In deciding whether the instant request to amend the petition is proper, the court must consider undue delay, bad faith, or dilatory motive on the part of the movant, undue prejudice to respondent, repeated failures to cure deficiencies by prior amendments, and futility of the amendment. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also* Fed. R. Civ. P. 15(a)(2). Jones must also show that his delay in raising any supplemental arguments concerning his alleged innocence was due to oversight, inadvertence, or excusable neglect. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

Though leave to amend "shall be freely given when justice so requires," the decision to grant or deny leave is within the sound discretion of the District Court. *See Bloom v. Bexar County, Tex.*, 130 F.3d 722, 727 (5th Cir. 1997); *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). "When parties delay seeking leave to amend for several months after a motion to dismiss is filed, … district courts do not abuse their discretion in denying the request for leave." *Acad. of Allergy & Asthma in Primary Care v. Quest Diagnostics, Inc.*, 998 F.3d 190, 202 (5th Cir. 2021).

In this case Jones has not met the standard to amend his petition. Jones signed and filed his motion on August 16, 2022 (Doc. 19 at 8), four months after he filed his petition (Doc. 1) – and more than six weeks after the State filed its motion to dismiss (Doc. 5) (after briefing was completed). He has not explained why he failed to include these arguments in his original petition (though he states that he has always claimed his innocence). He did not seek to amend his petition to include additional arguments when he filed his response to the State's motion to dismiss. Instead, he signed his motion nearly three weeks after he submitted his response – and after the State replied.

Jones argues that he was unable to timely address his actual innocence claims because "the prison staff came 3 days early to inform [him] they wouldn't be [t]here" on his deadline; however, he addressed these arguments in his lengthy (and well-written) response to the State's motion to dismiss. Doc. 19 at 2–3; *see also* Doc. 11. Jones has not filed his proposed supplement with the court, and he has not identified additional arguments regarding his innocence (other than those he has already presented).

Jones could have made additional arguments to show innocence when he filed his petition – or during the time immediately after. Instead, he waited months after filing his petition

– and weeks after the State had filed its motion to dismiss. To the extent that he wishes to use the actual innocence arguments to overcome procedural default; that is unnecessary, as the court has rejected the State's procedural default argument. For these reasons, the petitioner's motion [19] to amend his petition is **DENIED**.

    **SO ORDERED**, this, the 15th day of February, 2023.

                                      /s/ Michael P. Mills
                                      U.S. DISTRICT JUDGE
                                      NORTHERN DISTRICT OF MISSISSIPPI